# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————————

No. 16-50674
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

October 19, 2016

Lyle W. Cayce
Clerk

BRIAN DISMUKE, Individually and on behalf of all others similarly situated,

>      Plaintiff - Appellant

v.

TONY MCCLINTON, Individually and as Officer and Director of McClinton and SWECO,

>      Defendant - Appellee

————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:16-CV-23

————————————

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:*

Brian Dismuke sued Tony McClinton ("McClinton"), McClinton Energy Group, L.L.C., and SWECO ("Defendant Companies")[1] for unpaid overtime

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Dismuke subsequently amended his complaint removing Defendant Companies and leaving only Tony McClinton, Individually and as Officer and Director of these companies, in the lawsuit.

No. 16-50674

wages under the Fair Labor Standards Act.  Dismuke appeals the district court's order dismissing his claims, compelling arbitration, and denying class certification.   He contends that McClinton, who signed the arbitration agreement on behalf of Defendant Companies, could not enforce the arbitration agreement because he was an independent liable employer.  This argument is unpersuasive.   The district court correctly reasoned that Dismuke's claims arose from his employment relationship with the Defendant Companies. Moreover, his claims against McClinton were claims against the companies. S*ee In re Merrill Lynch Trust Co. FSB*, 235 S.W.3d 185, 190 (Tex. 2007) (holding that because claims against a Merrill Lynch broker "are in substance claims against Merrill Lynch, they must abide by their agreement to arbitrate those claims.").

Also, the arbitration agreement at issue contained a waiver prohibiting class actions.  This court is not compelled to reverse its holding that class action waivers in arbitration agreements are enforceable.  *D.R. Horton, Inc. v. NLRB*, 737 F.3d 344, 362 (5th Cir. 2013).

AFFIRMED.

2